UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HECTOR GALINDO-HERNANDEZ,<br><br>    Defendant. | NO. CR-11-2076-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Defendant is charged with unlawful reentry in violation of 8 U.S.C. § 1326. He now moves to dismiss the Indictment because of defects in the removal proceedings forming the predicate to this offense. The Court heard argument on September 27, 2011. Present for the Government was Gregory Shogren; Alison Guernsey appeared on behalf of Defendant. The Government admits the underlying proceedings were defective; the sole issue in front of the Court is whether Defendant was prejudiced by the defects. Because the Court finds Defendant's prior drug conviction would render him ineligible for voluntary departure, it must deny his motion.

## BACKGROUND

Defendant has been removed from the United States eight times, the first in

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 1**

2003.[1] When Defendant was found again in the United States in 2006, the Immigration and Naturalization Service issued a Notice to Appear. That same day, Defendant signed the certificate of service and requested an immediate hearing before an IJ. No hearing was ever held. Instead, on December 5, 2006, and without the benefit of counsel, Defendant signed a stipulated order of removal, agreeing to removal, and waiving his rights to a hearing before an IJ and to appeal the removal. Without having appeared before an IJ and based on this stipulation, Defendant was ordered removed from the United States. On May 10, 2011, Defendant was found again in the United States and charged with the present Indictment.

## ANALYSIS

Under 8 U.S.C. § 1326(a), an alien is criminally liable if he is found in the United States after he "has been denied admission, excluded, deported, or removed," without consent of the Attorney General or other advance consent. "In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." United States v. Zarate-Martinez, 133 F.3d 1194, 1197 (9th Cir. 1998), *overruled on other grounds by* United States v. Corona-Sanchez, 291 F.3d 1201 (9th Cir. 2002) (en banc). If the district court finds that "(1) [the defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects," the deportation stemming from the defective proceedings may not be used to prove the defendant violated § 1326. United States v. Ramos, 623 F.3d 672, 680 (9th Cir. 2010). To demonstrate prejudice, the defendant need only establish he had a "plausible" basis for relief from deportation. *See* id. The defendant need not prove he would have actually avoided deportation. United States v. Jimenez-Marmolejo, 104 F.3d 1083, 1086 (9th Cir. 1996).

---

[1] The Indictment indicates that it is based on removals in 2003 and 2006. However, the Government concedes that the 2003 proceeding was defective and no longer relies on it to support the Indictment. ECF No. 43, at 3.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 2**

Defendant moves the Court to dismiss the Indictment because the deportation it relies upon violated his due process rights. He argues first that he was denied due process during the 2006 deportation proceedings because the IJ did not make a pre-removal finding that he voluntarily, knowingly, and intelligently waived his right to a hearing; and second, that he was prejudiced by this due-process denial because it prevented him from seeking voluntary departure. The Government does not dispute that the 2006 deportation proceedings were defective. Rather, it contends that Defendant cannot show prejudice because a prior Utah conviction made him ineligible for voluntary departure. Defendant plead guilty to "Attempted Unlawful Possession of a Controlled Substance with Intent to Distribute" in 2003 and served a one-year prison term.

**A.    Prejudice**

Defendant asserts prejudice by arguing that he was not advised that he may be eligible for voluntary departure. The Government resists that Defendant, as an aggravated felon, was not eligible for voluntary departure and thus, was not prejudiced by the lack of a hearing. Voluntary departure allows an alien to avoid the formal removal process and voluntarily depart at his own expense. 8 U.S.C. § 1229c(a)(1). It is an option available to all aliens except aggravated felons and terrorists. Id. § 1229c(b). "Aggravated felony" means "illicit trafficking in a controlled substance…, including a drug trafficking crime," id. § 1101(a)(43)(a), and any attempts at such a crime. Id. § 1101(a)(43)(U).

At issue here is Defendant's state drug conviction. To determine whether that qualifies as an "aggravated felony" under the federal immigration law, the Court must first use the "categorical approach." United States v. Crawford, 520 F.3d 1072, 1078 (9th Cir. 2008); *see generally* Taylor v. United States, 495 U.S. 575 (1990). This requires the Court to compare the elements of the Utah statute to the generic definition of a "drug trafficking" crime. "If the statute of conviction criminalizes conduct that would not satisfy the federal definition of the crime at issue, then the conviction does

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS \* 3**

not qualify as a predicate offense." Pelayo-Garcia v. Holder, 589 F.3d 1010, 1014 (9th Cir. 2009). In that instance, the Court then looks to the record and employ the "modified categorical approach" to try and narrow the specific conduct for which Defendant was convicted. Id. The label the state places on the conduct (misdemeanor or felony) has no bearing on whether the same is an "aggravated felony" in immigration law. United States v. Alvarez-Gutierrez, 394 F.3d 1241, 1244 (9th Cir. 2005).

Defendant pleaded guilty to "attempted unlawful possession of controlled substance with intent to distribute. ECF No. 43-1, at 1. Mirroring its title, the crime is defined by Utah law as "possess[ing] a controlled or counterfeit substance with intent to distribute." UTAH CODE § 58-37-8(1)(a)(iii). There are two ways that the Utah statute can qualify as an aggravated felony under the Immigration and Nationality Act: (1) if it "contains a trafficking element;" or (2) if it would be punishable as a felony under the federal drug laws. Rendon v. Mukasey, 520 F.3d 967, 974 (9th Cir. 2008). Because the Court finds that Defendant's conviction qualifies as a federal felony, it does not reach whether it also contains a trafficking element.

### 1. Categorical Approach

The Court must compare the Utah crime to the federal Controlled Substances Act (CSA) to determine if it is analogous to an offense under that Act. The federal CSA makes it a felony to knowingly or intentionally "possess with intent to manufacture, distribute, or dispense," any amount of marijuana. 21 U.S.C. § 841(a), (b)(1)(D). This language closely tracks that of the Utah law. UTAH CODE § 58-37-8(1)(a)(iii).

The Second and Third Circuits, however, decline to categorically define some state marijuana offenses as federal felonies. They interpret 21 U.S.C. § 841(b)(4), which provides a different punishment for those who "distribut[e] a small amount of marihuana for no remuneration," to create a federal misdemeanor. Under this reasoning, a state conviction is equivalent to a federal felony only if the offense

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 4**

involved payment or more than a small amount of marijuana. *See*, *e.g.*, Evanson v. Atty. Gen., 550 F.3d 284, 289 (3d Cir. 2008). It is not certain from the text of Utah's statute that Defendant "distributed" marijuana for payment or whether he did so in large amounts.

The Court notes that this position is not universally accepted, and it is inclined to find Defendant's conviction categorically equivalent to a federal felony. *See* Julce v. Mukasey, 530 F.3d 30, 35 (1st Cir. 2008) (holding that Section 841(b)(4) is a mitigating sentencing provision and does not create a standalone misdemeanor offense). But although the Ninth Circuit has not adopted this reasoning, neither has it explicitly rejected it. Therefore, the Court will proceed to the "modified categorical approach" to determine whether the record can narrow the conduct for which Defendant was actually convicted.

### 2. Modified Categorical Approach

Where a state conviction is based on a guilty plea, the Court's review under the modified categorical approach is limited "to those documents 'made or used in adjudicating guilt' such as 'the terms of the charging document, the terms of a plea agreement or [the] transcript of [the] colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" United States v. Martinez-Martinez, 468 F.3d 604, 606-07 (9th Cir. 2006).

Here, the available documents include the Utah judgment (ECF No. 43, at 12-14), Defendant's plea agreement (Id. at 15-23), the Amended Information (Id. at 24-25), and a partial transcript of the plea colloquy (ECF No. 45, at 5). The plea colloquy indicates that officers found "four large bricks" of marijuana in Defendant's car, each packaged "for transportation and distribution." Defendant verbally acknowledged this information was accurate. The Court declines to adopt counsel's suggestion that a "small amount," which is left undefined by the Section 841(b)(4), includes "four large bricks." And even were the Court to consider this inconclusive,

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS \* 5**

Defendant has the burden of proving his conduct falls outside the perimeter of an aggravated felony. Rosas-Castaneda v. Holder, — F.3d —, 2011 WL 4314321, *10 (9th Cir. Sept. 12, 2011). He has not carried that here.

Thus even under the Third Circuit's interpretation of the federal CSA, Defendant's conduct would be punished as a felony. The Court finds that Defendant was not eligible for voluntary departure at his 2006 deportation proceedings, and that he was not actually prejudiced by the failure of the IJ to so inform him.

**C.    Presumed Prejudice**

Alternatively, Defendant argues that the Court should still presume prejudice by the defective proceedings because he was without counsel. Though there is no Sixth Amendment right to counsel in immigration proceedings, Congress provides such a right by statute. Hernandez-Gil v. Gonzales, 476 F.3d 803, 806 (9th Cir. 2007). Defendant attempts to analogize this statutory right with the Sixth Amendment's guarantee to argue that its deprivation is inherently prejudicial, thereby defeating the need to show actual prejudice.

The Ninth Circuit has not answered whether a defendant denied counsel must still demonstrate actual prejudice. *See* id. at 808 ("It is unsettled whether there must be a showing of prejudice where, as in this case, counsel has been effectively denied"); Mendoza-Mazariegos v. Mukasey, 509 F.3d 1074, 1084 (9th Cir. 2007) ("We again leave unanswered the question whether a petitioner must show prejudice when he has been denied the right to counsel in removal proceedings."). Other circuits do not require that aliens produce proof of actual prejudice where they have been effectively denied counsel. *See* Picca v. Mukasey, 512 F.3d 75, 78 (2d Cir. 2008).

Here, however, there is firm evidence that Defendant's drug conviction would statutorily preclude his application for voluntary departure. Even assuming the Ninth Circuit would analogize the statutory right to counsel with the Sixth Amendment, the Court does not believe that a presumption of prejudice can overcome the actual fact that Defendant's removal hearing ends in the same result, with or without counsel. *See*

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 6**

United States v. Jimenez, 921 F. Supp. 1054, 1057-58 (S.D.N.Y. 1995) (Sotomayor, J.) (upholding §1326 indictment, where defendant was deprived of counsel during predicate removal hearing, because he had a prior drug conviction and thus "failed to show that . . . the assistance of counsel . . . could have yielded him any possible relief from deportation").

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 39) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 29th day of September, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 7**